UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER, # 384851,

        Petitioner,

v.                                    CASE NO. 08-12327
                                    HONORABLE ANNA DIGGS TAYLOR

NICK LUDWIG,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S EMERGENCY
## MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE

      Petitioner William Sim Spencer has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's plea-based convictions for second-degree criminal sexual conduct. Currently pending before the Court is Petitioner's emergency motion for release on personal recognizance. Petitioner alleges that he is experiencing pain from an infected tooth and that the Michigan Department of Corrections is not equipped to perform an extraction. He claims that, unless the tooth is extracted, he could lose more teeth and he will continue to suffer intense pain.

      Habeas petitioners are entitled to release on bond if their petitions present "substantial questions" and there is some circumstance making the application for release "exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*,

989 F.2d 869, 871 (6th Cir. 1993). "[A]s a practical matter, . . . motions for bail will be denied in most of the habeas proceedings," as there will be few occasions when a petitioner will meet the Aronson standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Even assuming that Petitioner has presented substantial questions in his habeas petition, his infected tooth does not constitute an exceptional circumstance justifying release on personal recognizance. Therefore, Petitioner's motion for release on his own recognizance [Doc. #3, May 30, 2008] is **DENIED**.

DATED: July 18, 2008                                   <u>s/Anna Diggs Taylor</u>
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order was served upon Petitioner by First Class U.S. mail on July 18, 2008.

William Spencer, #384851
Mid-Michigan Correctional Facility
8201 N. Croswell Road
St. Louis, MI 48880                                        s/Johnetta M. Curry-Williams
Case Manager